UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Linda Magnani,

    Plaintiff,

- against -

North Shore Central School District and Marc Ferris,

    Defendants.

16 CV   (   )(   )

Complaint and Jury Demand

Plaintiff, by her attorney, Michael G. O'Neill, complains against defendants as follows:

1. This is an action alleging discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), New York State Human Rights Law (the "NYHRL") and 42 U.S.C. §1983.

2. Jurisdiction is by virtue of 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, and 42 U.S.C. §1983.

3. Venue is proper in the Eastern District of New York because it is where the employment took place and where plaintiff's employment records are kept.

4. Plaintiff is an individual.

5. Plaintiff was born in 1955.

6. Defendant North Shore Central School District ("North Shore") is a school district in the State of New York.

7. Defendant Marc Ferris ("Ferris") is an individual.

8. At all relevant times, Ferris was employed by North Shore as the principal of North Shore Middle School.

9. Plaintiff was hired by Defendant North Shore in about November 2010 at Glenwood Landing School ("Glenwood") as a Math Specialist.

10. While at Glenwood, plaintiff received excellent performance reviews.

11. In June 2013, plaintiff was excessed from Glenwood and placed on the Preferred Eligibility List ("PEL").

12. As a teacher on the PEL, schools in the district were required to call her when she reached the top of the list.

13. Plaintiff was to remain on the PEL for the next seven years and could be called out to positions without losing her preferred status on the PEL.

14. Upon information and belief, plaintiff would only be taken off the PEL if she retired, voluntarily resigned or was terminated for cause.

15. At the time plaintiff was excessed, she had two years and seven months towards her tenure. At three years, plaintiff would receive tenure status.

16. In August 2014, plaintiff was called back from the PEL and hired by defendant Marc Ferris ("Ferris") at the North Shore Middle School ("the school") as a 6th grade Math teacher.

17. Due to the restraints of the PEL, Principal Marc Ferris had no choice in whether to hire plaintiff.

18. Plaintiff signed a one year contract for the 2014-2015 school year with the school.

19. When plaintiff arrived at the school she discovered that Ferris had a preference for younger staff and hired almost exclusively younger teachers and that the very

2

few older teachers at the school felt they were treated disparately.

20. Plaintiff was one of very few teachers at the school over 50 years old.

21. Plaintiff learned that an older teacher was forced to retire the summer of 2014 because of continued harassment on the basis of age.

22. Plaintiff was put in a classroom in which she was one of three teachers. The other two were 29 years old and 35 years old. The class included a number of students who had learning disabilities but remained in the mainstream population.

23. Almost immediately, Ferris began to harass and criticize plaintiff despite knowing nothing about her.

24. For example, on October 7, 2014, barely a month into the school year, Ferris conducted an observation[1] of plaintiff's classroom.

25. Following the observation, Ferris prepared a lengthy written criticism of plaintiff's performance in the classroom. Ferris did not criticize a younger co-teacher who also taught the class and was present at the observation. The criticisms were equally applicable to the other co-teacher.

26. For example, Ferris criticized that the aim of the lesson displayed to the students was phrased as a sentence instead of a question. Not only is this ridiculously petty and meritless criticism, but the other younger teacher in the class who shared responsibility with plaintiff for preparing the lesson plan including the aim was not criticized.

27. On October 10, 2014, Ferris met with plaintiff and others to discuss the October 7th observation of her class. Ferris drew everyone's attention to an elderly man in the

---

1 During an observation, an administrator sits in the classroom for all or part of a class to evaluate the teacher or teachers in the classroom.

hallway and ridiculed her by saying he thought he was her husband.

28. Ferris observed plaintiff's classroom again on November 17, 2014. Again, Ferris made petty criticisms about the class but leveled only to plaintiff and not young co-teachers who also taught the class.

29. After the two written observations, Ferris conducted a number of informal observations where he bombarded plaintiff with meritless and contrived criticisms. Even though plaintiff shared responsibility for conducting the class, Ferris never made criticisms of the other younger co-teachers.

30. On December 2, 2014, Rachel Green, the assistant principal, conducted an observation of plaintiff's class. At the end of the observation, Green praised plaintiff's work performance.

31. The next day, Green met with plaintiff to discuss her observation. Ferris also attended the meeting, which was unusual because administrators typically do not attend post-observation meetings when they did not observe the classroom.

32. When Green reviewed the class in Ferris' presence, however, she was highly critical of plaintiff's performance. Green's criticism in front of Ferris contrasted with Green's praise when she spoke to plaintiff the day before.

33. On December 12, 2014, Ferris instituted procedures which resulted in plaintiff's termination on January 30, 2015.

34. It is practically unheard of for a teacher to be terminated midyear. Midyear terminations are almost, without exception, for serious misconduct such as corporeal punishment, violations of alcohol/drug policy, criminal conduct, etc.

35. Ferris replaced plaintiff with a teacher 25 years her junior.

36. Plaintiff was not placed back on the PEL because of her midyear termination. As a consequence, plaintiff was no longer eligible to teach in the school district and lost over two and a half years she had acquired towards tenure.

37. Ferris's termination was spiteful and driven by animus. Ferris terminated plaintiff in midyear because he knew the consequence would be that plaintiff would not be placed back on the PEL and that her career as a teacher would be destroyed.

38. On May 13, 2015, plaintiff timely filed a charge of age discrimination with the EEOC.

39. On March 8, 2016, plaintiff received her right to sue letter.

40. This action has been filed within 90 days of plaintiff's receipt of her right to sue letter.

## First Claim

41. Defendants discriminated against plaintiff by terminating her on the basis of her age, in violation of the Age Discrimination in Employment Act.

## Second Claim

42. Defendant Ferris discriminated against plaintiff by terminating her on the basis of her age, violating her rights under the equal protection clause of the Fifth and Fourteenth Amendments to the United States Constitution. Defendant Ferris is liable under 42 U.S.C. §1983 for violation of plaintiff's rights.

## Third Claim

43.     Defendants discriminated against plaintiff by terminating her on the basis of her age in violation of the New York State Human Rights Law.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for her damages, awarding plaintiff punitive damages under the second claim, awarding pre-verdict, post-verdict and prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York        LAW OFFICE OF MICHAEL G. O'NEILL
       May 17, 2016

_____
By: Benjamin L. Federici (BF-6795)
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## Jury Demand

Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
      May 17, 2016

LAW OFFICE OF MICHAEL G. O'NEILL

By: Benjamin L. Federici (BF-6795)
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990