

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

October 28, 2020

**Via ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Magnani v. North Shore Cent. Sch. Dist., et al.*
Docket No. 16-cv-2519 (FB) (SMG)

Your Honor:

We represent Defendants in this matter. We write to request (1) a 30-day extension of time to move to enforce the on-the-record settlement entered on January 30, 2020; (2) a conference to address Plaintiff's bad faith efforts to renegotiate or avoid the settlement; and (3) permission to move for sanctions and attorney's fees for Plaintiff's bad faith in negotiations. Plaintiff's counsel consents to the 30-day extension.

Through considerable efforts by the Court, counsel, and the parties, this case settled on January 30, 2020. With Plaintiff present and with her explicit consent, we put all material settlement terms explicitly on the record. Since then, Plaintiff has refused to sign the settlement paperwork, constantly moving the goal posts and seeking to renegotiate the essential terms.

At the conference on September 28, 2020, Plaintiff stated that her *only* issue with the settlement papers was that Marc Ferris was not a signatory to the agreement and that she could not execute the agreement unless Ferris did so as well. The Court directed the parties to discuss the matter and try to resolve the dispute. And the Court set a 30-day deadline (October 28, 2020) for Defendants to move to enforce the agreement, if necessary.

Over the past 30 days, we have worked with Plaintiff's counsel to reach an agreement; Defendants have bent over backwards to try to resolve the dispute. It is a material term of the on-the-record settlement that Dr. Ferris would be dismissed as a condition precedent and would not be a party to the agreement. Still, believing based on Plaintiff's September 28 representations that it would resolve the matter, we agreed to make Dr. Ferris a party to the agreement. In the interest

SOKOLOFF STERN LLP

Hon. Frederic Block
October 28, 2020
Page 2 of 2

of having this matter resolved, we added Ferris' signature to the document and forwarded it to Plaintiff for her signature. Still, she refused to sign. But, she said she *would* sign if we added specific confidentiality language for Dr. Ferris. Again, we agreed, and we forwarded Plaintiff a final set of papers incorporating her proposed language. *Still*, she refuses to execute the agreement.

Yesterday, after a month of back and forth where we acceded to every request, Plaintiff's counsel advised us that Plaintiff will not sign unless she gets more money. This new demand contradicts Plaintiff's on-the-record representations, made both on January 30, 2020 and on September 28, 2020. It is classic bad faith negotiations. While Defendants have been patient and flexible through this process, they cannot continue with this kind of piecemeal renegotiation of the settlement. Defendants, therefore, have no choice but to move to enforce the settlement, as originally entered on the record in January 2020, and to seek sanctions and fees for Plaintiff's bad faith negotiations and multiplication of the proceedings.

Because we have spent the last 30 days attempting to resolve the dispute—and believing, based on Plaintiff's statements, that it would be resolved—we respectfully request an additional 30 days to draft and submit our motion to enforce the settlement and for sanctions. We also respectfully request that the Court hold a conference to address Plaintiff's bad faith conduct.

Thank you for your time and consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

LEO DORFMAN

cc: All counsel of record (via ECF)